UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| TURAMA STITTS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 1:22-cv-02116-JPH-KMB |
| | ) |
| ROBINSON O'CONNOR, | ) |
| | ) |
| Defendant. | ) |

**Order Screening Complaint and Directing Further Proceedings**

Plaintiff Turama Stitts is a prisoner currently incarcerated at Pendleton Correctional Facility ("PCF"). He filed this civil action alleging that he has been denied the right to practice his religion. Because the plaintiff is a "prisoner," this Court has an obligation to screen the complaint before service on the defendants. 28 U.S.C. § 1915A(a), (c).

**I. Screening Standard**

When screening a complaint, the Court must dismiss any portion that is frivolous or malicious, fails to state a claim for relief, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915A(b). To determine whether the complaint states a claim, the Court applies the same standard as when addressing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *See Schillinger v. Kiley*, 954 F.3d 990, 993 (7th Cir. 2020). Under that standard, a complaint must include "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The Court construes *pro se* complaints liberally and holds them to a "less stringent

standard than formal pleadings drafted by lawyers." *Cesal v. Moats*, 851 F.3d 714, 720 (7th Cir. 2017).

## II. The Complaint

Mr. Stitts sues Chaplain Robinson O'Connor. He alleges that Chaplain O'Connor has denied his requests to be placed on Friday evening Shabbat service. Mr. Stitts asserts that Chaplain O'Connor's actions violated his First and Eighth Amendment rights. He seeks damages, declaratory relief, and any other proper relief.

## III. Discussion of Claims

Applying the screening standard to the factual allegations in the complaint certain claims are dismissed while other claims shall proceed as submitted.

First, any Eighth Amendment claim is **dismissed**. The Eighth Amendment requires prison officials to "provide humane conditions of confinement" including "adequate food, clothing, shelter, and medical care, and must 'take reasonable measures to guarantee the safety of the inmates.'" *Farmer v. Brennan*, 511 U.S. 825, 832 (1994) (quoting *Hudson v. Palmer*, 468 U.S. 517, 526-527 (1984)). Because Mr. Stitts's claims regarding his religious practice do not implicate the conditions of his confinement or his personal safety, he has failed to state a claim under the Eighth Amendment. Indeed, "constitutional claims are to be addressed under the most applicable provision." *Conyers v. Abitz*, 416 F.3d 580, 586 (7th Cir. 2005). Here, that is the First Amendment.

Accordingly, Mr. Stitts's First Amendment claim **shall proceed** against Chaplain O'Connor in his individual capacity. In addition, Mr. Stitts's claim shall proceed against Chaplain O'Connor in his official capacity under the Religious Land Use and Institutionalized Persons Act ("RLUIPA") 42 U.S.C. § 2000. *Nelson v. Miller*, 570 F.3d 868 (7th Cir. 2009) (RLUIPA does not authorize relief against public employees in their individual capacities). This claim is equivalent

to a claim against the State of Indiana. *Kentucky v. Graham*, 473 U.S. 159, 165–66 (1985) ("Official-capacity suits . . . generally represent only another way of pleading an action against an entity of which an officer is an agent.'"). Accordingly, Mr. Stitts may not receive money damages under RLUIPA. *Sossamon v. Texas*, 563 U.S. 277, 285-86 (2011).

This summary of claims includes all of the viable claims identified by the Court. All other claims have been dismissed. If the plaintiff believes that additional claims were alleged in the complaint, but not identified by the Court, he shall have **through May 3, 2023,** in which to identify those claims.

### IV. Service of Process

The **clerk is directed** pursuant to *Fed. R. Civ. P.* 4(c)(3) to issue process to the defendant in the manner specified by Rule 4(d). Process shall consist of the complaint, dkt. [1], applicable forms (Notice of Lawsuit and Request for Waiver of Service of Summons and Waiver of Service of Summons), and this Order.

The **clerk is directed** to serve the Indiana Department of Correction employee electronically.

Nothing in this Order prohibits the filing of a proper motion pursuant to Rule 12 of the Federal Rules of Civil Procedure.

**SO ORDERED.**

Date: 4/10/2023

James Patrick Hanlon<br>
United States District Judge<br>
Southern District of Indiana

Distribution:

TURAMA STITTS
145315
PENDLETON - CF
PENDLETON CORRECTIONAL FACILITY
Electronic Service Participant – Court Only

Electronic service to Indiana Department of Correction:
    Robinson O'Connor
    Pendleton Correctional Facility